# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 00-10527
Summary Calendar

---

JOHN MORTENSEN, on behalf of himself
and all others similarly situated; PHILIP KATZ,
on behalf of himself and all others similarly
situated,

Plaintiffs-Appellants,

versus

AMERICREDIT CORP.; CLIFTON H. MORRIS,
JR.; DANIEL E. BERCE; MICHAEL R. BARRINGTON,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
3:99-CV-789-D

---

November 22, 2000

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges,

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

John Mortensen and Philip Katz, on behalf of themselves and all those similarly situated, appeal the district court's dismissal of their amended complaint for failure to plead scienter. A close review of the record persuades that we should affirm.

**BACKGROUND**

Defendant Americredit Corp. primarily purchases, securitizes and services automobile receivables. Defendants Morris, Berce and Barrington are officers of Americredit, sued in their individual capacities. Americredit buys sub-prime loans from automobile dealerships, and then sells them to financing securitization trusts. The details of this complex financing scheme are set forth in the trial court's opinion and are adopted by reference.

Plaintiffs, investors who purchased Americredit stock during the relevant time period, assert that Americredit, with the knowledge and approval of the individual Defendants, intentionally misled investors by using unapproved accounting methods and corporate policies regarding loan deferrals that served to overstate income and understate loan delinquencies, thereby allowing Americredit access to capital at borrowing rates lower than otherwise available. When the Securities and Exchange Commission subsequently issued a directive that precluded use of the accounting method utilized by Americredit, the company issued a restatement of earnings for the relevant period which reflected lower earnings. Americredit also was required to

2

increase its cash reserve. This resulted in a reduction in earnings per share. Plaintiffs claim that the lower earnings and increased reserve requirement were the result of intentional deception aimed at reducing the cost of borrowing. The trial court rejected the plaintiffs' pleadings as being fatally defective. This timely appeal followed.

## ANALYSIS

A trial court's dismissal of a securities fraud complaint for failure to adequately plead the elements with requisite particularity is reviewed *de novo*.[1] The trial court herein determined that Plaintiffs initially failed to plead scienter adequately, a crucial element in a securities fraud claim,[2] and dismissed the original complaint with leave to amend. Plaintiffs subsequently re-filed their complaint, which was again dismissed by the trial court for the same reason. Defendants' appeal asserts, among other things, that the district court's requirements for scienter pleading are excessive and erroneous, and that the court improperly acted as a trier of fact.

Our review of the district court opinion, the relevant authorities, and the filings of counsel compels the conclusion that the record and controlling law conclusively support the determination of the district court. Accordingly, the judgment of the district court is, in all aspects, AFFIRMED.

---

[1] Tuchman v. DSC Communications Corp., 14 F.3d 1061 (5th Cir. 1994).

[2] See id.